■ In the Matter of the Estate of HENRY J. GRUPE, Deceased. DEBORAH A. LINDLEY et al., Respondents; HENRY W. GRUPE, Appellant. [636 NYS2d 96] —In a proceeding to settle the accounts of trustees under the will of Henry J. Grupe, the appeal is from an order and decree (one paper) of the Surrogate's Court, Queens County (Nahman, S.), dated November 16, 1994, which granted the motion of Deborah A. Lindley and James L. Wilson for summary judgment and awarded each of them one-sixth of the total trust remainder.

Ordered that the order and decree is affirmed, with costs, payable by the estate.

The testator, Henry J. Grupe, and his wife, Laura M. Grupe, had two children: Jane Rounds Fetter and William A. Grupe. William and his wife, Mildred Grupe, had one child, the appellant Henry W. Grupe. After Mildred's death, William married his second wife, Beulah Wilson Grupe, and adopted two of Beulah's adult children, James L. Wilson and Deborah Wilson Webb a/k/a Deborah A. Lindley (hereinafter Wilson and Lindley).

Upon the testator's death in January 1955, his will was admitted to probate. Letters testamentary and Letters of Trusteeship were issued to William A. Grupe, Jane Fetter, and Mitchell Klupt. Upon Laura Grupe's death in 1992, the trust terminated.

The surviving trustees commenced the instant proceeding, to determine, *inter alia*, whether the meaning of the word children as used in the testator's will included Lindley and Wilson, thereby entitling them to share with the appellant in that portion of the trust's remainder to be distributed to the "child or children of [William A. Grupe], per stirpes, and not per capita". Lindley and Wilson moved for summary judgment on the ground that they were on a par with the appellant as members of the distribution class and entitled to all incidental property rights. The Surrogate's Court granted summary judgment in their favor and awarded each of them one-sixth of the total trust remainder.

On appeal, the appellant maintains that the statutory presumption of inclusion under EPTL 2-1.3 and Domestic Relations Law § 117 does not apply to adult adoptees. We disagree.

For purposes of inheritance, adopted children are treated in the same manner as biological children unless a contrary intent is found in the governing instrument (*see,* EPTL 2-1.3; Domestic Relations Law § 117; *Matter of Park,* 15 NY2d 413). Here, we find no merit to the appellant's argument that the will reflected a contrary intent by the testator to exclude the adult adoptees (*see, Matter of Gardiner,* 69 NY2d 66, 74; *Matter of Park, supra,* at 417). Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.